682 So.2d 105 (1996)
In re AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE.
Nos. 87689, 88015.
Supreme Court of Florida.
October 31, 1996.
John Wayne Hogan, Chair, The Florida Bar, Civil Procedure Rules Committee, Jacksonville, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for Petitioner.
Henry P. Trawick, Jr., Sarasota, Olga J. Joanow, Assistant General Counsel, Office of the General Counsel, University of South Florida, Tampa, Dan Cytryn, Tamarac, John R. Hargrove of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, on behalf of the Florida Chamber of Commerce; Robert J. Cousins, President-elect, Chairman, Current Practice Committee, Fort Lauderdale, on behalf of the Florida Defense Lawyers Association; and John M. Murray and Kathleen M. O'Connor of Thornton, Davis & Murray, P.A., Miami, Responding.
PER CURIAM.
The Civil Procedure Rules Committee of the Florida Bar has submitted its quadrennial report of proposed changes to the Florida Rules of Civil Procedure. We have jurisdiction. Art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar for its recommendation. After approval by the Board, the proposed changes were published, and several comments were filed.
Except as specifically noted, we approve the substantive amendments to the rules recommended by the Committee and the Board. We have made a limited number of stylistic changes.
We have not accepted the recommendation for rule 1.442, "Offers of Judgment." The Committee, by a vote of 40 to 9, and the Board, by a vote of 26 to 6, recommended that subdivision (h)(2) of the rule state:
When determining the entitlement to and the reasonableness of the amount of an award of attorneys' fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following factors:
(Emphasis added). The recommendation also has as factor (A): "whether the proposal was reasonably rejected." This recommendation, by including the words "the entitlement to," is at variance with section 768.79, Florida Statutes (1995), which states in subdivision (7)(b):
When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
The statute also does not include the recommended factor (A).
In TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), we held:
Under this statute, the legislature did not give judges the discretion to determine whether it is reasonable to entitle qualifying plaintiffs to fees. Rather, it determined for itself that it is reasonable to entitle every offeror who makes a good faith offer (later rejected) 25 percent more or less than the judgment finally entered to an award of fees. Under subsection (7)(b), the court's discretion is directed by the statutory text solely to determine the reasonability of the amount of fees awarded....
Id. at 613.
In Timmons v. Combs, 608 So.2d 1 (Fla. 1992), we restated our conclusion set forth in Leapai v. Milton, 595 So.2d 12 (Fla.1992): "[I]t is clear that the circumstances under which a party is entitled to costs and attorney's *106 fees is substantive and that our rule can only control procedural matters." Timmons, 608 So.2d at 2-3. Based upon these conclusions, we cannot accept the recommendation to include the words "the entitlement to" or the additional factor (A) in the rule because we conclude we must respect the legislative prerogative to enact substantive law.
However, we recognize and respect the logic of the recommendation. We believe that it would advance the goals of justice and fairness to empower the trial court with the discretion to decide the entitlement to attorney fees based upon the criteria set forth in section 768.79 plus the recommended factor (A) in addition to the discretion to decide the reasonableness of the amount of an award of attorney fees. Therefore, though we do not adopt the recommendation to include "the entitlement to" in subdivision (h)(2) of the rule, we do endorse the recommendation and by this opinion expressly recommend that the legislature amend section 768.79(7)(b) to read:
When determining the entitlement to and reasonableness of an award of attorney fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
We also recommend that statute be amended to include as a factor delineated in the statute which the court is to consider in making its determination "whether the proposal was reasonably rejected." We do adopt the remaining recommended amendments to rule 1.442, as the remaining amendments cover matters which are procedural.
With regard to rule 1.061, we adopt the rule which has been temporary since our decision in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).
Rule 1.070(i) is added to provide formality to the practice of requesting waiver of formal service of process by a sheriff or person appointed to serve papers or by publication. It provides for service by mail and is substantially similar to Federal Rule of Civil Procedure 4(d). Form 1.902(c) may be used to give notice of an action and request waiver of process pursuant to this rule.
In rule 1.110(b), the word "prayer" is changed to "demand."
Amendments to rule 1.280(b)(4)(A) result from this Court's decision in Elkins v. Syken, 672 So.2d 517 (Fla.1996).
Rule 1.280(b)(5) is added to require a party to describe the nature of information it claims is privileged. It is derived from Federal Rule of Civil Procedure 26(b)(5).
Rule 1.310(c) is amended to state existing law which allows attorneys to instruct deponents not to answer questions only in specific situations. This amendment is intended to be an instruction for conduct during a deposition. It is derived from Federal Rule of Civil Procedure 30(d) as amended in 1992.
We have sua sponte added a provision to rule 1.310(d) to provide that a "Motion to Terminate or Limit Examination" may be based upon conduct in violation of this amended provision. It follows that the provisions of rule 1.380(a) apply to the award of expenses incurred in relation to such a motion. It is important to note that we have also added "or counsel" before "advising the conduct" to rule 1.380(a)(4) to clarify that the court has the discretion pursuant to that rule to require counsel to pay the expenses delineated in the rule.
Rule 1.351 is amended to avoid premature production of documents by nonparties, to clarify the clerk's role in the process, and to further clarify that any objection to production pursuant to this rule is to be obtained pursuant to rule 1.310. This rule is also amended, along with rule 1.410, to allow attorneys to issue subpoenas.
Rule 1.410(a) is added, and subsequent portions of the rule are amended to allow an attorney, as referred to in Florida Rule of Judicial Administration 2.060(a)-(b), and the clerk to issue subpoenas in the name of the court. It does not change any other requirement or precedent for the issuance of subpoenas.
Rule 1.442 is amended to set forth a new rule as recommended by the Committee and the Board, with the exceptions that factor (A) and the words "the entitlement to" are deleted from subdivision (h)(2), as previously discussed in this opinion.
*107 Rule 1.450(a), which was the "adverse party rule," is deleted because this rule is covered in the Florida Evidence Code. The remaining subdivisions of this rule are redesignated.
Rule 1.480(b) is amended to clarify that, consistent with other rules of civil procedure, the time limitations in this rule are based on service.
Rule 1.730(b) is amended to provide for partial settlements, to clarify the procedure for concluding mediation by report or stipulation of dismissal, and to specify the procedure for reporting mediated agreements to the court.
Form 1.902(c) is added to provide a new form for service by mail and waiver of formal process.
A committee note is added to form 1.907 to explain that forms 1.907(a) and (b) are for use after judgment has been entered against a defendant.
Form 1.908 is amended only to change the name of the form.
Forms 1.910(b), 1.911(b), 1.912(b), and 1.913(b) are added to comply with the amendment to rule 1.410 permitting issuance by an attorney.
Form 1.916 is amended to provide for service at least five days before the show-cause hearing rather than by a specified date.
Form 1.921 is amended to comply with amendments to rules 1.351 and 1.410.
Forms 1.922(a) and (b) are amended and forms 1.922(c) and (d) are added to comply with the amendments rules 1.351 and 1.410.
Form 1.923 is amended to comply with section 83.60, Florida Statutes (1995), as amended in 1993, regarding actions for rent or possession.
Form 1.997 is amended to account for adoption of the Florida Family Law Rules of Procedure.
After reviewing the proposed rules and comments thereto, we adopt the rules as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. Committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. The rules shall become effective at midnight on January 1, 1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion, in which ANSTEAD, J., concurs.
WELLS, Justice, concurring in part and dissenting in part.
I concur with the adoption of the rules as amended.
I also concur that the "Offer of Judgment" rule proposed by the substantial majority of the Committee and the Board of Governors would have the effect of amending the statute based upon the interpretation of the statute by the majority in TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995). I write to state my continuing view that the construction given section 768.79, Florida Statutes, in Dvorak, which necessitates this rejection, is erroneous. I interpret the recommendation from the substantial majority of counsel from a broad range of civil practice to be a plain message that the Dvorak majority's construction of the statute is forcing an application of the statute that is adverse to the proper administration of civil justice. What I believe we should do in the interests of the proper administration of civil justice is recede from Dvorak, construe the statute so that it is recognized that the statutory criteria in section 768.79 are for use in determining both entitlement to fees and amount of fees, and adopt the rule as proposed by the Committee and the Board of Governors.
ANSTEAD, J., concurs.

APPENDIX
RULE 1.061. FORUM NON CONVENIENSCHOICE OF FORUM
(a) Grounds for Dismissal. An action may be dismissed on grounds the ground that a satisfactory remedy may be more conveniently *108 sought in a jurisdiction other than Florida wherewhen:
(1) Tthe trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case;
(2) Tthe trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
(3) Iif the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) Tthe trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
(b) Stipulations in General. The parties to any action for which a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida may stipulate to conditions upon which a forum-non-conveniens dismissal shall be based, subject to approval by the trial court. The decision to accept or reject the stipulation rests in the sound discretion of the trial court, subject to review for abuse of discretion.
(c) Statutes of Limitation. In moving for forum-non-conveniens dismissal, defendants shall be deemed to automatically stipulate that the action will be treated in the new forum as though it had been filed in that forum on the date it was filed in Florida, with service of process accepted as of that date.
(d) Failure to Refile Promptly. When an action is dismissed in Florida for forum non conveniens, plaintiffs shall automatically be deemed to stipulate that they will lose the benefit of all stipulations made by the defendant, including the stipulation provided in subdivision (c) of this rule, if plaintiffs fail to file the action in the new forum within 120 days after the date the Florida dismissal becomes final.
(e) Waiver of Automatic Stipulations. Upon unanimous agreement, the parties may waive the conditions provided in subdivisions (c) or (d), or both, only wherewhen they demonstrate and the trial court finds a compelling reason for the waiver. The decision to accept or reject the waiver shall not be disturbed on review if supported by competent, substantial evidence.
(f) Reduction to Writing. The parties shall reduce their stipulation to a writing signed by them, which shall include all stipulations provided by this rule, and which shall be deemed incorporated by reference in any subsequent order of dismissal.

Court Commentary
This section was added to elaborate on Florida's adoption of the federal doctrine of forum non conveniens in Kinney System, Inc. v. Continental Insurance Co., No. 84,329 (Fla. Jan. 25, 1995) 674 So.2d 86 (Fla.1996), and it should be interpreted in light of that opinion.
Subdivision (a) codifies the federal standard for reviewing motions filed under the forum-non-conveniens doctrine. Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.
As stated in Kinney, the phrase "private interests" means adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation. Private interests do not involve consideration of the availability or unavailability of advantageous legal theories, a history of generous or stingy damage awards, or procedural nuances that may affect outcomes but that do not effectively deprive the plaintiff of any remedy.
"Equipoise" means that the advantages and disadvantages of the alternative forum will not significantly undermine or favor the "private interests" of any particular party, as compared with the forum in which suit was filed.
"Public interests" are the ability of courts to protect their dockets from causes that lack significant connection to the jurisdiction; the ability of courts to encourage trial of controversies *109 in the localities in which they arise; and the ability of courts to consider their familiarity with governing law when deciding whether or not to retain jurisdiction over a case. Even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant a forum-non-conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained.
Subdivision (b) provides that the parties can stipulate to conditions of a forum-non-conveniens dismissal, subject to the trial court's approval. The trial court's acceptance or rejection of the stipulation is subject to appellate review under an abuse-of-discretion standard.
Subdivisions (c) and (d) provide automatic conditions that shall be deemed included in every forum-non-conveniens dismissal. The purpose underlying subdivision (c) is to ensure that any statute of limitation in the new forum is applied as though the action had been filed in that forum on the date it was filed in Florida. The purpose underlying subdivision (d) is to ensure that the action is promptly refiled in the new forum. Both of these stipulations are deemed to be a part of every stipulation that does not expressly state otherwise, subject to the qualification provided in subdivision (e).
Subdivision (e) recognizes that there may be extraordinary conditions associated with the new forum that would require the waiver of the conditions provided in subdivisions (c) and (d). Waivers should be granted sparingly. Thus, the parties by unanimous consent may stipulate to waive those conditions only upon showing a compelling reason to the trial court. The trial court's acceptance or rejection of the waiver may not be reversed on appeal where supported by competent, substantial evidence.
Subdivision (f) requires the parties to reduce their stipulation to written form, which the parties must sign. When and if the trial court accepts the stipulation, the parties' agreement then is treated as though it were incorporated by reference in the trial court's order of dismissal. To avoid confusion, the parties shall include the automatic stipulations provided by sectionssubdivisions (c) and (d) of this rule, unless the latter are properly waived under subdivision (e). However, the failure to include these automatic conditions in the stipulation does not waive them unless the dismissing court has expressly so ruled.

RULE 1.070. PROCESS
(a) Summons; Issuance. Upon the commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe.
(b) Service; By Whom Made. Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.
(c) Service; Numerous Defendants. If there is more than 1 defendant, the clerk or judge shall issue as many writs of process against the several defendants as may be directed by the plaintiff or the plaintiff's attorney.
(d) Service by Publication. Service of process by publication may be made as provided by statute.
(e) Copies of Initial Pleading for Persons Served. At the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original process and all *110 copies of it by the person making the service. The party seeking to effect personal service shall furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings shall be furnished to the clerk and mailed by the clerk with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.
(f) Service of Orders. If personal service of a court order is to be made, the original order shall be filed with the clerk, who shall certify or verify a copy of it without charge. The person making service shall use the certified copy instead of the original order in the same manner as original process in making service.
(g) Fees; Service of Pleadings. The statutory compensation for making service shall not be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.
(h) Pleading Basis. When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
(i) Service of Process by Mail.A defendant may accept service of process by mail.
(1) Acceptance of service of a complaint by mail does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
(2) A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request shall:
(A) be in writing and be addressed directly to the defendant, if an individual, or to an officer or managing or general agent of the defendant or other agent authorized by appointment or law to receive service of process;
(B) be dispatched by certified mail, return receipt requested;
(C) be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
(D) inform the defendant of the consequences of compliance and of failure to comply with the request;
(E) state the date on which the request is sent;
(F) allow the defendant 20 days from the date on which the request is received to return the waiver, or, if the address of the defendant is outside of the United States, 30 days from the date on which it is received to return the waiver; and
(G) provide the defendant with an extra copy of the notice and request, including the waiver, as well as a prepaid means of compliance in writing.
(3) If a defendant fails to comply with a request for waiver within the time provided herein, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown.
(4) A defendant who, before being served with process, timely returns a waiver so requested is not required to respond to the complaint until 60 days after the date the defendant received the request for waiver of service. For purposes of computing any time prescribed or allowed by these rules, service of process shall be deemed effected 20 days before the time required to respond to the complaint.
(5) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in subdivision (4) above, as if a summons and complaint had been served at the time of filing the waiver, and no further proof of service shall be required.
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

*111 Committee Notes
1971 Amendment. Subdivisions (f), (g), and (h) of the existing rule are combined because they deal with the same subject matter. The "notice of suit" is changed to "notice of action" to comply with the statutory change in 1967. Subdivision (g) is new and provides for substitution of a certified or verified copy of a court order that must be served. The original is to be filed with the clerk and not removed. Subdivision (i) is relettered to (h).
1972 Amendment. Subdivision (a) is amended to require the officer issuing the process to sign it and place the court seal on it. This was required by former section 47.04, Florida Statutes, and is essential to the validity of process. When the statute was repealed these procedural requirements were omitted and inadvertently not included in the rule. Subdivision (b) is changed to eliminate the predicate for court appointment of a person to make service of process. This makes the rule more flexible and permits the court to appoint someone to make service at any appropriate time.
1980 Amendment. Subdivision (i) is added to eliminate pleading evidentiary facts for "long arm" service of process. It is based on the long-standing principle in service by publication that pleading the basis for service is sufficient if it is done in the language of the statute. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926). Confusion has been generated in the decisions under the "long arm" statute. See Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla. 1957); Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Co., 353 So.2d 665 (Fla. 2d DCA 1978); and Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). The amendment is not intended to change the distinction between pleading and proof as enunciated in Elmex Corp. v. Atlantic Federal Savings & Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976). It is intended to eliminate the necessity of pleading evidentiary facts as well as those of pecuniary benefit that were used in the Elmex case. The amendment is limited to pleading. If the statutory allegations are attacked by motion, the pleader must then prove the evidentiary facts to support the statutory requirements. If denied in a pleading, the allegations must be proved at trial. Otherwise, the allegations will be admitted under rule 1.110(e).
1988 Amendment. Subdivision (j) has been added to require plaintiffs to cause service of original summons within 120 days of filing the complaint absent good cause for further delay.
1992 Amendment. Subdivision (d) is repealed because the reason for the rule ceased when process was permitted to run beyond county boundaries. The amendment to subdivision (j) (redesignated as (i)) is intended to clarify that a dismissal under this subdivision is not to be considered as an adjudication on the merits under rule 1.420(a)(1) of these rules.
1996 Amendment.Subdivision (i) is added to provide some formality to the practice of requesting waiver of service of process by a sheriff or person appointed to serve papers or by publication. The committee intends that only the manner of service will be waived by this procedure. By accepting service pursuant to this rule, the defendant will not waive any objection to venue or jurisdiction over the person or admit to the sufficiency of the pleadings or to allegations with regard to long-arm or personal jurisdiction. For example, service of process would be void should a motion to dismiss be granted because the complaint did not allege the basis for long-arm jurisdiction over a nonresident defendant. City Contract Bus Service, Inc. v. H.E. Woody, 515 So.2d 1354 (Fla. 1st DCA 1987). Under such circumstances, the defendant must be served pursuant to law or again waive service pursuant to this rule. Subdivision (i)(2)(F) allows the defendant 20 days from receipt (or 30 days if the defendant is outside of the United States) to return the waiver. Accordingly, the committee intends that the waiver be received by the plaintiff or the plaintiff's attorney by the twentieth day (or the thirtieth day if the defendant is outside of the United States). The former subdivision (i) has been redesignated as subdivision (j). Form 1.902 may be *112 used to give notice of an action and request waiver of process pursuant to this rule.

RULE 1.110. GENERAL RULES OF PLEADING
(a) Forms of Pleadings. Forms of action and technical forms for seeking relief and of pleas, pleadings, or motions are abolished.
(b) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray fordemand general relief.
(c) The Answer. In the answer a pleader shall state in short and plain terms the pleader's defenses to each claim asserted and shall admit or deny the averments on which the adverse party relies. If the defendant is without knowledge, the defendant shall so state and such statement shall operate as a denial. Denial shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part of an averment, the pleader shall specify so much of it as is true and shall deny the remainder. Unless the pleader intends in good faith to controvert all of the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or may generally deny all of the averments except such designated averments as the pleader expressly admits, but when the pleader does so intend to controvert all of its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial.
(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b); provided this shall not limit amendments under rule 1.190 even if such ground is sustained.
(e) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
(f) Separate Statements. All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense when a separation facilitates the clear presentation of the matter set forth.
(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if 2 or more causes of action are joined. A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses. When 2 or more statements are made in the alternative *113 and 1 of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of 1 or more of the alternative statements. A party may also state as many separate claims or defenses as that party has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.
(h) Subsequent Pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.

Committee Notes
1971 Amendment. Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions, or trust supervision. When any subsequent proceeding results in a pleading in the strict technical sense under rule 1.100(a), response by opposing parties will follow the same course as though the new pleading were the initial pleading in the action. The time for answering and authority for defenses under rule 1.140 will apply. The last sentence exempts postjudgment motions under rules 1.480(c), 1.530, and 1.540, and similar proceedings from its purview.

RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rule, the frequency of use of these methods is not limited, except as provided in rule 1.200 and rule 1.340.
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Indemnity Agreements. A party may obtain discovery of the existence and contents of any agreement under which any person may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or to reimburse a party for payments made to satisfy the judgment. Information concerning the agreement is not admissible in evidence at trial by reason of disclosure.
(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required *114 showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) (i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
(iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:
1. The scope of employment in the pending case and the compensation for such service.
2. The expert's general litigation experience, including the percentage of work performed for plaintiffs and defendants.
3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
4. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.
An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the *115 party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A) and (b)(4)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(4)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(4)(B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(D) As used in these rules an expert shall be an expert witness as defined in rule 1.390(a).
(5)Claims of Privilege or Protection of Trial Preparation Materials.When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(d) Sequence and Timing of Discovery. Except as provided in subdivision (b)(4) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party's discovery.
(e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired.

Committee Notes
1972 Amendment. The rule is derived from Federal Rule of Civil Procedure 26 as amended in 1970. Subdivisions (a), (b)(2), and (b)(3) are new. Subdivision (c) contains material from former rule 1.310(b). Subdivisions (d) and (e) are new, but the latter is similar to former rule 1.340(d). Significant changes are made in discovery from experts. The general rearrangement of the discovery rule is more logical and is the result of 35 years of experience under the federal rules.
1988 Amendment. Subdivision (b)(2) has been added to enable discovery of the existence and contents of indemnity agreements and is the result of the enactment of sections 627.7262 and 627.7264, Florida Statutes, proscribing the joinder of insurers but providing for disclosure. This rule is derived from Federal Rule of Civil Procedure 26(b)(2). Subdivisions (b)(2) and (b)(3) have been redesignated as (b)(3) and (b)(4) respectively.
*116 The purpose of the amendment to subdivision (b)(3)(A) (renumbered (b)(4)(A)) is to allow, without leave of court, the depositions of experts who have been disclosed as expected to be used at trial. The purpose of subdivision (b)(4)(D) is to define the term "expert" as used in these rules.
1996 Amendment. The amendments to subdivision (b)(4)(A) are derived from the Supreme Court's decision in Elkins v. Syken, 672 So.2d 517 (Fla.1996). They are intended to avoid annoyance, embarrassment, and undue expense while still permitting the adverse party to obtain relevant information regarding the potential bias or interest of the expert witness.
Subdivision (b)(5) is added and is derived from Federal Rule of Civil Procedure 26(b)(5) (1993).

RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
(a) When Depositions May Be Taken. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading upon any defendant, except that leave is not required (1) if a defendant has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b)(2) of this rule. The attendance of witnesses may be compelled by subpoena as provided in rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(b) Notice; Method of Taking; Production at Deposition.
(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
(2) Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless a deposition is taken before expiration of the 30-day period under subdivision (a). If a party shows that when served with notice under this subdivision that party was unable through the exercise of diligence to obtain counsel to represent the party at the taking of the deposition, the deposition may not be used against that party.
(3) For cause shown the court may enlarge or shorten the time for taking the deposition.
(4) Any deposition may be recorded by videotape without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.
(A) Notice. A party intending to videotape a deposition shall state in the notice that the deposition is to be videotaped and shall give the name and address of the operator.
(B) Stenographer. Videotaped depositions shall also be recorded stenographically, unless all parties agree otherwise.
(C) Procedure. At the beginning of the deposition, the officer before whom it is taken shall, on camera: (i) identify the style of the action, (ii) state the date, and (iii) swear the witness.
(D) Custody of Tape and Copies. The attorney for the party requesting the videotaping of the deposition shall take custody of and be responsible for the safeguarding of the videotape, shall permit the viewing of it by the opposing party, and, if requested, shall provide a copy of the videotape at the expense of the party requesting the copy.

*117 (E) Cost of Videotaped Depositions. The party requesting the videotaping shall bear the initial cost of videotaping.
(5) The notice to a party deponent may be accompanied by a request made in compliance with rule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of rule 1.350 shall apply to the request.
(6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
(7) On motion the court may order that the testimony at a deposition be taken by telephone. The order may prescribe the manner in which the deposition will be taken. A party may also arrange for a stenographic transcription at that party's own initial expense.
(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness, except that when a deposition is being taken by telephone, the witness shall be sworn by a person present with the witness who is qualified to administer an oath in that location. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with subdivision (b)(4) of this rule. If requested by one of the parties, the testimony shall be transcribed at the initial cost of the requesting party and prompt notice of the request shall be given to all other parties. All objections made at time of the examination to the qualifications of the officer taking the deposition, the manner of taking it, the evidence presented, or the conduct of any party, and any other objection to the proceedings shall be noted by the officer upon the deposition. Any objection during a deposition shall be stated concisely and in a nonargumentative and nonsuggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under subdivision (d). Otherwise, eEvidence objected to shall be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and that party shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 1.310(c), the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or the deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of rule 1.380(a) apply to the award of expenses incurred in relation to the motion.
(e) Witness Review. If the testimony is transcribed, the transcript shall be furnished to the witness for examination and shall be *118 read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make shall be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes shall be attached to the transcript. It shall then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnished to the witness, the officer shall sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 1.330(d)(4).
(f) Filing; Exhibits.
(1) If the deposition is transcribed, the officer shall certify on each copy of the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if that person affords to all parties fair opportunity to verify the copies by comparison with the originals. If the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
(3) A copy of a deposition may be filed only under the following circumstances:
(A) It may be filed by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition shall be given to all parties unless notice is waived. A party filing the deposition shall furnish a copy of the deposition or the part being filed to other parties unless the party already has a copy.
(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party.
(g) Obtaining Copies. A party or witness who does not have a copy of the deposition may obtain it from the officer taking the deposition unless the court orders otherwise. If the deposition is obtained from a person other than the officer, the reasonable cost of reproducing the copies shall be paid to the person by the requesting party or witness.
(h) Failure to Attend or to Serve Subpoena; Expenses.
(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by the other party and the other party's attorney in attending, including reasonable attorneys' fees.
(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of the failure does not attend and if another party attends in person or by attorney because that other party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by that other party and that other party's attorney in attending, including reasonable attorneys' fees.

*119 Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 30 as amended in 1970. Subdivision (a) is derived from rule 1.280(a); subdivision (b) from rule 1.310(a) with additional matter added; the first sentence of subdivision (c) has been added and clarifying language added throughout the remainder of the rule.
1976 Amendment. Subdivision (b)(4) has been amended to allow the taking of a videotaped deposition as a matter of right. Provisions for the taxation of costs and the entry of a standard order are included as well. This new amendment allows the contemporaneous stenographic transcription of a videotaped deposition.
1988 Amendment. The amendments to subdivision (b)(4) are to provide for depositions by videotape as a matter of right.
The notice provision is to ensure that specific notice is given that the deposition will be videotaped and to disclose the identity of the operator. It was decided not to make special provision for a number of days' notice.
The requirement that a stenographer be present (who is also the person likely to be swearing the deponent) is to ensure the availability of a transcript (although not required). The transcript would be a tool to ensure the accuracy of the videotape and thus eliminate the need to establish other procedures aimed at the same objective (like time-clocks in the picture and the like). This does not mean that a transcript must be made. As at ordinary depositions, this would be up to the litigants.
Technical videotaping procedures were not included. It is anticipated that technical problems may be addressed by the court on motions to quash or motions for protective orders.
Subdivision (c) has been amended to accommodate the taking of depositions by telephone. The amendment requires the deponent to be sworn by a person authorized to administer oaths in the deponent's location and who is present with the deponent.
1992 Amendment. Subdivision (b)(4)(D) is amended to clarify an ambiguity in whether the cost of the videotape copy is to be borne by the party requesting the videotaping or by the party requesting the copy. The amendment requires the party requesting the copy to bear the cost of the copy.
1996 Amendment. Subdivision (c) is amended to state the existing law, which authorizes attorneys to instruct deponents not to answer questions only in specific situations. This amendment is derived from Federal Rule of Civil Procedure 30(d) as amended in 1993.

Court Commentary
1984 Amendment. Subdivision (b)(7) is added to authorize deposition by telephone, with provision for any party to have a stenographic transcription at that party's own initial expense.
Subdivision (d) is changed to permit any party to terminate the deposition, not just the objecting party.
Subdivision (e) is changed to eliminate the confusing requirement that a transcript be submitted to the witness. The term has been construed as requiring the court reporter to travel, if necessary, to the witness, and creates a problem when a witness is deposed in Florida and thereafter leaves the state before signing. The change is intended to permit the parties and the court reporter to handle such situations on an ad hoc basis as is most appropriate.
Subdivision (f) is the committee's action in response to the petition seeking amendment to rule 1.310(f) filed in the Supreme Court Case No. 62,699. Subdivision (f) is changed to clarify the need for furnishing copies when a deposition, or part of it, is properly filed, to authorize the court to require a deposition to be both transcribed and filed, and to specify that a party who does not obtain a copy of the deposition may get it from the court reporter unless ordered otherwise by the court. This eliminates the present requirement of furnishing a copy of the deposition, or material part of it, to a person who already has a copy in subdivision (f)(3)(A).
Subdivision (f)(3)(B) broadens the authority of the court to require the filing of a *120 deposition that has been taken, but not transcribed.
Subdivision (g) requires a party to obtain a copy of the deposition from the court reporter unless the court orders otherwise. Generally, the court should not order a party who has a copy of the deposition to furnish it to someone who has neglected to obtain it when the deposition was transcribed. The person should obtain it from the court reporter unless there is a good reason why it cannot be obtained from the reporter.

RULE 1.351. PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
(a) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of rule 1.350(a) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
(b) Procedure. A party desiring production under this rule shall giveserve notice toon every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued. if service is by delivery and 15 days before the subpoena is issued if the service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person upon whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice or the person upon whom the subpoena is to be served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule and relief may be obtained pursuant to rule 1.310.
(c) Subpoena. If no objection is made by a party under subdivision (b), an attorney of record in the action may issue a subpoena or the party desiring production shall deliver to the clerk for issuance a subpoena together with a certificate of counsel or pro se party that no timely objection has been received from any party, and the clerk shall issue athe subpoena for the production of the documents or things in accordance with the notice and deliver it to the party serving the notice desiring production. The subpoenashall be identical to the copy attached to the notice and shall specify that no testimony may be taken and shall require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person upon whom the subpoena is served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule, and relief may be obtained pursuant to rule 1.310.
(d)No Hearing.There shall be no hearing on any objection to production under this rule. Relief may be obtained pursuant to rule 1.310.
(de) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (c), the party receiving the copies shall furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
*121 (ef) Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things or permission to enter upon land.

Committee Notes
1980 Adoption. This rule is designed to eliminate the need of taking a deposition of a records custodian when the person seeking discovery wants copies of the records only. It authorizes objections by any other party as well as the custodian of the records. If any person objects, recourse must be had to rule 1.310.
1996 Amendment.This rule was amended to avoid premature production of documents by nonparties, to clarify the clerk's role in the process, and to further clarify that any objection to the use of this rule does not contemplate a hearing before the court but directs the party to rule 1.310 to obtain the desired production. This amendment is not intended to preclude all communication between parties and nonparties. It is intended only to prohibit a party from prematurely sending to a nonparty a copy of the required notice or the proposed subpoena. This rule was also amended along with rule 1.410 to allow attorneys to issue subpoenas. See Committee Note for rule 1.410.

RULE 1.380 FAILURE TO MAKE DISCOVERY: SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under rule 1.310 or 1.320, or a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a), or a party fails to answer an interrogatory submitted under rule 1.340, or if a party in response to a request for inspection submitted under rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under rule 1.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or produce a person in that party's custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to rule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable *122 expenses incurred as a result of making the motion among the parties and persons.

(b) Failure to Comply With Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to rule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.
(E) When a party has failed to comply with an order under rule 1.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows the inability to produce the person for examination.
Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice, (2) to serve answers or objections to interrogatories submitted under rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing *123 to act has applied for a protective order as provided by rule 1.280(c).

Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 37 as amended in 1970. Subdivision (a)(3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to ensure that complete coverage of all discovery failures is afforded.

RULE 1.410. SUBPOENA
(a)Subpoena Generally. Subpoenas for testimony before the court, subpoenas for production of tangible evidence, and subpoenas for taking depositions may be issued by the clerk of court or by any attorney of record in an action.
(ab) Subpoena for Testimony Before the Court.
(1) Every subpoena for testimony before the court shall be issued by an attorney of record in an action or by the clerk under the seal of the court and, when requested, shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place specified in it.
(2) On oral request of an attorney or party and without praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed, and the subpoena shall be filled in before service by the attorney or party.
(bc) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. A party seeking production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 1.080(b). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
(cd) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made as provided by law. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
(de) Subpoena for Taking Depositions.
(1) Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending. or by an attorney of record in the action. The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by rule 1.280(b), but in that event the subpoena will be subject to the provisions of rule 1.280(c) and subdivision (bc) of this rule. Within 10 days after its service, or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was *124 issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.
(2) A person may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.
(ef) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.
(fg) Depositions Before Commissioners Appointed in This State by Courts of Other States; Subpoena Powers; etc. When any person authorized by the laws of Florida to administer oaths is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, that witness may be compelled to attend and testify before that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of that commissioner or by other process or proceedings in the same manner as if that commissioner had been appointed by a court of this state; provided that no document or paper writing shall be compulsorily annexed as an exhibit to such deposition or otherwise permanently removed from the possession of the witness producing it, but in lieu thereof a photostatic copy may be annexed to and transmitted with such executed commission to the court of issuance.

Committee Notes
1972 Amendment. Subdivisions (a) and (d) are amended to show the intent of the rule that subpoenas for deposition may not be issued in blank by the clerk, but only for trial. The reason for the distinction is valid. A subpoena for appearance before the court is not subject to abuse because the court can correct any attempt to abuse the use of blank subpoenas. Since a judge is not present at a deposition, additional protection for the parties and the deponent is required and subpoenas should not be issued in blank. Subdivision (d) is also modified to conform with the revised federal rule on subpoenas for depositions to permit an objection by the deponent to the production of material required by a subpoena to be produced.
1980 Amendment. Subdivision (c) is revised to conform with section 48.031, Florida Statutes (1979).
1996 Amendment. This rule is amended to allow an attorney (as referred to in Fla.R.Jud.Admin. 2.070(a)-(b)), as an officer of the court, and the clerk to issue subpoenas in the name of the court. This amendment is not intended to change any other requirement or precedent for the issuance or use of subpoenas. For example, a notice of taking the deposition must be filed and served before a subpoena for deposition may be issued.

RULE 1.442. OFFER OF JUDGMENT PROPOSALS FOR SETTLEMENT
Parties shall comply with the procedure set forth in section 768.79, Florida Statutes (1991).

Court Commentary
1992 Amendment. This rule was repealed in Timmons v. Combs, 608 So.2d 1 (Fla. 1992), in which the supreme court adopted the procedural portion of section 768.79, Florida Statutes (1991), as a rule.
(a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.
(b) Time Requirements. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.
(c) Form and Content of Proposal for Settlement.
*125 (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorney fees and whether attorney fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
(d) Service and Filing. A proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule.
(e) Withdrawal. A proposal may be withdrawn in writing provided the written withdrawal is delivered before a written acceptance is delivered. Once withdrawn, a proposal is void.
(f) Acceptance and Rejection. A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal. The provisions of rule 1.090(e) do not apply to this subdivision. No oral communications shall constitute an acceptance, rejection, or counteroffer under the provisions of this rule.
(g) Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal.
(h) Costs and Fees.
(1) If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorney fees.
(2) When determining the reasonableness of the amount of an award of attorney fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following factors:
(A) The then-apparent merit or lack of merit in the claim.
(B) The number and nature of proposals made by the parties.
(C) The closeness of questions of fact and law at issue.
(D) Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal.
(E) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
(F) The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.
(i) Evidence of Proposal. Evidence of a proposal or acceptance thereof is admissible only in proceedings to enforce an accepted proposal or to determine the imposition of sanctions.
(j) Effect of Mediation. Mediation shall have no effect on the dates during which parties are permitted to make or accept a proposal for settlement under the terms of the rule.

Committee Notes
1996 Amendment. This rule was amended to reconcile, where possible, sections 44.102(6) (formerly 44.102(5)(b)), 45.061, *126 73.032, and 768.79, Florida Statutes, and the decisions of the Florida Supreme Court in Knealing v. Puleo, 675 So.2d 593 (Fla.1996), TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), andTimmons v. Combs, 608 So.2d 1 (Fla.1992). This rule replaces former rule 1.442, which was repealed by the Timmons decision, and supersedes those sections of the Florida Statutes and the prior decisions of the court, where reconciliation is impossible, in order to provide a workable structure for proposing settlements in civil actions. The provision which requires that a joint proposal state the amount and terms attributable to each party is in order to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993).

RULE 1.450. EVIDENCE
(a) Adverse Witness. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party and interrogate that person by leading questions and contradict and impeach that person in all respects as if that person had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also and may be cross-examined by the adverse party only upon the subject matter of that witness's examination in chief.
(b)(a) Record of Excluded Evidence. In an action tried by a jury if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what the attorney expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed except that the court upon request shall take and report the evidence in full unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged.
(c)(b) Filing. When documentary evidence is introduced in an action, the clerk or the judge shall endorse an identifying number or symbol on it and when proffered or admitted in evidence, it shall be filed by the clerk or judge and considered in the custody of the court and not withdrawn except with written leave of court.

Committee Notes
1971 Amendment. Subdivision (d) is amended to eliminate the necessity of a court order for disposal of exhibits. The clerk must retain the exhibits for 1 year unless the court permits removal earlier. If removal is not effected within the year, the clerk may destroy or dispose of the exhibits after giving the specified notice.
1996 Amendment. Former subdivision (a) entitled "Adverse Witness" is deleted because it is no longer needed or appropriate because the matters with which it deals are treated in the Florida Evidence Code.

Court Commentary
1984 Amendment. Subdivision (d) was repealed by the supreme court; see 403 So.2d 926.
Subdivision (e): This rule was originally promulgated by the supreme court in Carter v. Sparkman, 335 So.2d 802, 806 (Fla.1976).
In The Florida Bar, in re Rules of Civil Procedure, 391 So.2d 165 (Fla.1980), the court requested the committee to consider the continued appropriateness of rule 1.450(e). In response, the committee recommended its deletion. After oral argument in The Florida Bar: In re Rules of Civil Procedure, 429 So.2d 311, the court specifically declined to abolish the rule or to adopt a similar rule for other types of actions.
The committee again considered rule 1.450(e) in depth and at length and again recommends its deletion for the reason that no exception should be made in the rule to a particular type of action.
Subdivision (f): The West's Desk Copy Florida Rules of Court, at page 62, points out:
"The per curiam opinion of the Florida Supreme Court of June 21, 1979 (403 So.2d 926) provides: `On March 8, 1979, the Court *127 proposed new Rule 1.450(f) of the Florida Rules of Civil Procedure which would provide for the disposal of exhibits and depositions in civil matters. Absent further action by the Court, the proposed rule was to become effective July 2, 1979. The Court has carefully considered the responses received regarding proposed Rule 1.450(f) and now feels that the July 2, 1979, effective date does not allow sufficient time for full reflection on matters raised in these responses. Therefore, the effective date for Rule 1.450(f) is, by this order, delayed until further order of the Court.'"
The retention of court records is the subject of Florida Rule of Judicial Administration 2.075.

RULE 1.480. MOTION FOR A DIRECTED VERDICT
(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury. A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.
(b) Reservation of Decision on Motion. When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the receptionreturn of a verdict, a party who has timely moved for a directed verdict may moveserve a motion to haveset aside the verdict and any judgment entered thereon set aside and to haveenter judgment entered in accordance with the motion for a directed verdictor,. iIf a verdict was not returned, sucha party who has timely moved for a directed verdict may move serve a motion for judgment in accordance with the motion for a directed verdict within 10 days after discharge of the jury has been discharged.
(c) Joined With Motion for New Trial. A motion for a new trial may be joined with this motion or a new trial may be requested in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

Committee Notes
1996 Amendment. Subdivision (b) is amended to clarify that the time limitations in this rule are based on service.

RULE 1.710. MEDIATION RULES
(a) Completion of Mediation. Mediation shall be completed within 45 days of the first mediation conference unless extended by order of the court or by stipulation of the parties.
(b) Exclusions From Mediation. A civil action shall be ordered to mediation or mediation in conjunction with arbitration upon stipulation of the parties. A civil action may be ordered to mediation or mediation in conjunction with arbitration upon motion of any party or by the court, if the judge determines the action to be of such a nature that mediation could be of benefit to the litigants or the court. Under no circumstances may the following categories of actions be referred to mediation:
(1) Bond estreatures.
(2) Habeas corpus and extraordinary writs.
(3) Bond validations.
(4) Civil or criminal contempt; or.
(5) Other matters as may be specified by administrative order of the chief judge in the circuit.
(c) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.

Committee Notes
[1994 Amendment]. The Supreme Court Committee on Mediation and Arbitration Rules encourages crafting a combination of dispute resolution processes without creating *128 an unreasonable barrier to the traditional court system.

RULE 1.730. COMPLETION OF MEDIATION
(a) No Agreement. If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator's report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.
(b) Agreement. If ana partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties' consent. If the agreement is not filed, a joint noticeA report of the agreement shall be submitted to the court or a stipulation of dismissal shall be filed. By stipulation of the parties, the agreement may be electronically or stenographically recorded. In such event, the transcript may be filed with the court. The mediator shall report the existence of the signed or transcribed agreement to the court without comment within 10 days thereof. No agreement under this rule shall be reported to the court except as provided herein.
(c) Imposition of Sanctions. In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement.

Committee Notes
1996 Amendment. Subdivision (b) is amended to provide for partial settlements, to clarify the procedure for concluding mediation by report or stipulation of dismissal, and to specify the procedure for reporting mediated agreements to the court. The reporting requirements are intended to ensure the confidentiality provided for in section 44.102(3), Florida Statutes, and to prevent premature notification to the court.

RULE 1.750. COUNTY COURT ACTIONS
(a) Applicability. This rule applies to the mediation of county court matters and issues only and controls over conflicting provisions in rules 1.700, 1.710, 1.720, and 1.730.
(b) Limitation on Referral to Mediation. When a mediation program utilizing volunteer mediators is unavailable or otherwise inappropriate, county court matters may be referred to a mediator or mediation program which charges a fee. Such order of referral shall advise the parties that they may object to mediation on grounds of financial hardship or on any ground set forth in rule 1.700(2)(b). If a party objects, mediation shall not be conducted until the court rules on the objection. The court may consider the amount in controversy, the objecting party's ability to pay, and any other pertinent information in determining the propriety of the referral. When appropriate, the court shall apportion mediation fees between the parties.
(c) Scheduling. In small claims actions, the mediator shall be appointed and the mediation conference held during or immediately after the pretrial conference unless otherwise ordered by the court. In no event shall the mediation conference be held more than 14 days after the pretrial conference.
(d) Appointment of the Mediator. In county court actions not subject to the Florida Small Claims Rules, rule 1.720(f) shall apply unless the case is sent to a mediation program provided at no cost to the parties.
(e) Appearance at Mediation. In small claims actions, an attorney may appear on behalf of a party at mediation provided that the attorney has full authority to settle without further consultation. Unless otherwise ordered by the court, a nonlawyer representative may appear on behalf of a party to a small claims mediation if the representative has the party's signed written authority to appear and has full authority to settle without further consultation. In either event, the party need not appear in person. In any other county court action, a party will be *129 deemed to appear if the persons set forth in rule 1.720(b) are physically present.
(f) Agreement. Any agreements reached as a result of small claims mediation shall be written in the form of a stipulation. The stipulation may be entered as an order of the court.

RULE 1.800. EXCLUSIONS FROM ARBITRATION
A civil action shall be ordered to arbitration or arbitration in conjunction with mediation upon stipulation of the parties. A civil action may be ordered to arbitration or arbitration in conjunction with mediation upon motion of any party or by the court, if the judge determines the action to be of such a nature that arbitration could be of benefit to the litigants or the court. Under no circumstances may the following categories of actions be referred to arbitration:
(1) Bond estreatures.
(2) Habeas corpus or other extraordinary writs.
(3) Bond validations.
(4) Civil or criminal contempt.
(5) Such other matters as may be specified by order of the Cchief Jjudge in the Ccircuit.

Committee Notes
[1994 Amendment.] The Supreme Court Committee on Mediation and Arbitration Rules encourages crafting a combination of dispute resolution processes without creating an unreasonable barrier to the traditional court system.

FORM 1.902. SUMMONS
(a) General Form.

SUMMONS
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant.....................
Each defendant is required to serve written defenses to the complaint or petition on....................., plaintiff's attorney, whose address is ...................., within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ...............
 As Deputy Clerk
(b) Form for Personal Service on Natural Person.

SUMMONS

IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda *130 adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.
------------------------------
Plaintiff/Plaintiff's Attorney
........................................
........................................
 Address
Florida Bar No.....................
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.
DATED on ..............., 19......
 CLERK OF THE CIRCUIT COURT
(SEAL)
 (Name of Clerk)
 As Clerk of the Court
 By _____________________________
 As Deputy Clerk
(c) Forms for Service by Mail.
(1) Notice of Lawsuit and Request for Waiver of Service of Process.

NOTICE OF COMMENCEMENT OF ACTION
TO: (Name of defendant or defendant's representative)
A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the (Circuit or County) Court for the .................... and has been assigned case no.: ....................
This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra *131 copy of the notice and request, including the waiver, is also attached for your records.
If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.
If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.
I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff this .......... day of .........., 199......
 ---------------------------
 Plaintiff's Attorney or
 Unrepresented Plaintiff

(2) Waiver of Service of Process.

WAIVER OF SERVICE OF PROCESS
TO: (Name of plaintiff's attorney or unrepresented plaintiff)
I acknowledge receipt of your request that I waive service of process in the lawsuit of............... v. ............... in the............... Court in.................... I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.
I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla.R.Civ.P. 1.070.
If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:
(describe relationship to person or entity and authority to accept service)
I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.
I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.
DATED on ...............
 ------------------------
 Defendant or Defendant's
 Representative

Committee Notes
1988 Amendment. Two forms are now provided: 1 for personal service on natural persons and 1 for other service by summons. The new form for personal service on natural persons is included to ensure awareness by defendants or respondents of their obligations to respond.
The summons form for personal service on natural persons is to be used for service on natural persons under the following provisions: sections 48.031 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state), Florida Statutes.
The former, general summons form is to be used for all other service by summons, including service under sections 48.061 (service on partnership), 48.071 (service on agents of nonresidents doing business in the state), 48.081 (service on corporation), 48.101 (service on dissolved corporations), 48.111 *132 (service on public agencies or officers), 48.121 (service on the state), 48.131 (service on alien property custodian), 48.141 (service on labor unions), 48.151 (service on statutory agents for certain purposes), Florida Statutes, and all statutes providing for substituted service on the secretary of state.
The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians. In the event of space problems in the summons form, the committee recommends that the non-English portions be placed on the reverse side of the summons.
1992 Amendment. (b): The title is amended to eliminate confusion by the sheriffs in effecting service.
1996 Amendment. Form 1.902(c) was added for use with rule 1.070(i).
FORM 1.907. GARNISHMENT
(a) Writ of Garnishment.

WRIT OF GARNISHMENT

THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to summon the garnishee, ...................., to serve an answer to this writ on...................., plaintiff's attorney, whose address is ..............., within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to defendant, ...................., at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may be in possession or control of any of the property of the defendant. The amount set in plaintiff's motion is $..........
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
(b) Continuing Writ of Garnishment Against Salary or Wages.

CONTINUING WRIT OF GARNISHMENT AGAINST SALARY OR WAGES
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to summon the garnishee, ...................., whose address is ...................., who is required to serve an answer to this writ on...................., plaintiff's attorney, whose address is ...................., within 20 days after service of this writ, exclusive of the day of service, and to file the original with the clerk of court either before service on the attorney or immediately thereafter. The answer shall state whether the garnishee is the employer of the defendant....................and whether the garnishee is indebted to the defendant by reason of salary or wages. The garnishee's answer shall specify the periods of payment (for example, weekly, biweekly, or monthly) and amount of salary or wages and be based on the defendant's earnings for the pay period during which this writ is served on the garnishee.
During each pay period, a portion of the defendant's salary or wages as it becomes due shall be held and not disposed of or transferred until further order of this court. The amount of salary or wages to be withheld for each pay period shall be made in accordance with the following paragraph. This writ shall continue until the plaintiff's judgment is paid in full or until otherwise provided by court order.
Federal law (15 U.S.C. §§ 1671-1673) limits the amount to be withheld from salary or wages to no more than 25% of any individual defendant's disposable earnings (the part of *133 earnings remaining after the deduction of any amounts required by law to be deducted) for any pay period or to no more than the amount by which the individual's disposable earnings for the pay period exceed 30 times the federal minimum hourly wage, whichever is less.
For administrative costs, the garnishee may collect $.......... against the salary or wages of the defendant for the first deduction and $.......... for each deduction thereafter.
The total amount of the final judgment outstanding as set out in the plaintiff's motion is $..........
FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST THE GARNISHEE FOR THE ABOVE TOTAL AMOUNT OF $..........
ORDERED at ...................., Florida, on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ______________________
 As Deputy Clerk

Committee Notes
1992 Amendment. This form is to be used to effectuate section 77.0305, Florida Statutes.
1996 Amendment. The following was adopted as a committee note, with no changes to the text of the forms: Both forms 1.907(a) and (b) are for use after judgment has been entered against a defendant. If a plaintiff seeks a writ of garnishment before judgment is entered, notice to the defendant of the right to an immediate hearing under sections 73.031 and 77.07, Florida Statutes, must be included in the writ and served on the defendant.
FORM 1.908. WRIT OF REPLEVIN

WRIT OF REPLEVIN
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to replevy the goods and chattels in possession of the defendant,...................., described as follows:
 (describe property)
and to dispose of it according to law.
 DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ________________________
 As Deputy Clerk

Committee Notes
1980 Amendment. The form is amended in accordance with the statutory changes as a result of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The sheriff is commanded to dispose of the property according to law because of the conflict between sections 78.068(4) and 78.13, Florida Statutes (1979). The former apparently contemplates that the sheriff will hold the property for 5 days within which the bond can be posted, while the latter retains the old 3-day time period.
1996 Amendment. This amendment only changes the name of the form.
FORM 1.910. SUBPOENA FOR TRIAL
(a) For Issuance by Clerk.

SUBPOENA
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before the Honorable ...................., Judge of the Court, at the.................... County Courthouse in...................., Florida, on..............., 19..... at ......m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by thesethis attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
*134
 By ______________________
 As Deputy Clerk
______________________________
Attorney for..................
..............................
..............................
Address
Florida Bar No................
(b) For Issuance by Attorney of Record.

SUBPOENA
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before the Honorable ...................., Judge of the Court, at the.................... County Courthouse in...................., Florida, on..............., 19....., at ......m., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Attorney)
 For the Court
 =======================
-----------------------------
Attorney for................
.............................
.............................
Address
Florida Bar No..............

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.911. SUBPOENA DUCES TECUM FOR TRIAL
(a) For Issuance by Clerk.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before the Honorable ...................., Judge of the Court, at the.................... County Courthouse in...................., Florida, on..............., 19....., at ...... m., to testify in this action and to have with you at that time and place the following:.................... If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by thesethis attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
______________________________
Attorney for ...............
............................
............................
Address
Florida Bar No................
(b) For Issuance by Attorney of Record.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before the Honorable ...................., Judge of the Court, at the.................... County Courthouse in...................., Florida, on..............., 19....., at ......m., to testify in this action and to have with you at that time and place the following:.................... If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
*135
 (Name of Attorney)
 For the Court
 =======================
-----------------------------
Attorney for................
.............................
.............................
Address
Florida Bar No..............

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.912. SUBPOENA FOR DEPOSITION
(a) For Issuance by Clerk.

SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .................... in...................., Florida, on..............., 19....., at ...... m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by thesethis attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
---------------------------------
Attorney for ....................
.................................
.................................
Address
Florida Bar No.............
(b) For Issuance by Attorney of Record.

SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .................... in................., Florida, on..............., 19....., at ......m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Attorney)
 For the Court
 =======================
-----------------------------
Attorney for.................
.............................
.............................
Address
Florida Bar No..............

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.913. SUBPOENA DUCES TECUM FOR DEPOSITION
(a) For Issuance by Clerk.

SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .................... in...................., Florida, on..............., 19....., at ......m., for the taking of your deposition in this action and to have with you at that time and place the following: .................... If you fail to appear, you may be in contempt of court.
*136 You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by thesethis attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By ____________________
 As Deputy Clerk
---------------------------------
Attorney for ....................
.................................
.................................
Address
Florida Bar No.............
(b) For Issuance by Attorney of Record.

SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .................... in...................., Florida, on..............., 19....., at ...... m., for the taking of your deposition in this action and to have with you at that time and place the following: ............. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Attorney)
 For the Court
 =======================
-----------------------------
Attorney for.................
.............................
.............................
Address
Florida Bar No..............

Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
FORM 1.916. REPLEVIN ORDER TO SHOW CAUSE

ORDER TO SHOW CAUSE
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this order on defendant, ...................., by personal service as provided by law, if possible, or, if you are unable to personally serve the defendant within the time specified, by placing a copy of this order with a copy of the summons on the claimed property located at ...................., Florida, within.....daysat least 5 days before the hearing scheduled below, excluding the day of service and intermediate Saturdays, Sundays, and legal holidays. Nonpersonal service as provided in this order shall be effective to afford notice to defendant of this order, but for no other purpose.
Defendant shall show cause before the Honorable ...................., on..............., 19....., at .....m., in the.................... County Courthouse in..............., Florida, why the property claimed by plaintiff in the complaint filed in this action should not be taken from the possession of defendant and delivered to plaintiff.
Defendant may file affidavits, appear personally or with an attorney and present testimony at the time of the hearing, or, on a finding by the court pursuant to section 78.067(2), Florida Statutes (1979), that plaintiff is entitled to possession of the property described in the complaint pending final adjudication of the claims of the parties, file with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property to stay an order authorizing the delivery of the property to plaintiff.
If defendant fails to appear as ordered, defendant shall be deemed to have waived the right to a hearing. The court may thereupon order the clerk to issue a writ of replevin.
*137 ORDERED at ...................., Florida, on ..............., 19......
 ____________
 Judge

Committee Notes
1980 Adoption. Former form 1.916 is repealed because of the consolidation of writs of assistance with writs of possession. The new form is the replevin order to show cause prescribed by section 78.065, Florida Statutes (1979).
1996 Amendment. This form is amended to provide for service at least 5 days before the show cause hearing, rather than by a specified date.

FORM 1.921. NOTICE OF PRODUCTION FROM NON-PARTY NONPARTY

NOTICE OF PRODUCTION
TO ....................:
YOU ARE NOTIFIED that after 10 days from the date of service of this notice, if service is by delivery, or 15 days from the date of service, if service is by mail, and if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena directed to ...................., who is not a party and whose address is...................., to produce the items listed at the time and place specified in the subpoena.
DATED on ..............., 19......
 _______________________
 Attorney for
 .......................
 .......................
 Address
 Florida Bar No...........
NOTE: This form of notice is for use with rule 1.351. A copy of the subpoena must be attached to this form for it to comply with the rule.

Committee Notes
1980 Adoption. This form is new.
1996 Amendment. This form was amended to comply with amendments to rules 1.351 and 1.410.
FORM 1.922. SUBPOENA DUCES TECUM WITHOUT DEPOSITION
(a) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Clerk.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear at .................... in...................., Florida, on..............., 19....., at ..... m., and to have with you at that time and place the following: ....................
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by thesethis attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
*138
 By _____________
 As Deputy Clerk
-------------------------
Attorney for ...............
............................
............................
Address
Florida Bar No.............
(b) When Witness Must Appear and Produce the Records; Issuance by Clerk.
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear at .................... in...................., Florida, on..............., 19....., at ......m., and to have with you at that time and place the following: ....................
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorneys whose names appears on this subpoena, and unless excused from this subpoena by the attorneys or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Clerk)
 As Clerk of the Court
 By _________________
 As Deputy Clerk
-------------------------
Attorney for ............
.........................
.........................
Address
Florida Bar No............
(c)When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Attorney of Record.

SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear at .................... in...................., Florida, on..............., 19....., at ......m., and to have with you at that time and place the following: ....................
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Attorney)
 For the Court
 =======================
*139
Attorney for..............
.............................
.............................
Address
Florida Bar No..............
(d) When Witness Must Appear and Produce the Records; Issuance by Attorney of Record.
THE STATE OF FLORIDA:
TO ....................:
YOU ARE COMMANDED to appear at .................... in...................., Florida, on..............., 19....., at ......m., and to have with you at that time and place the following: ....................
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
DATED on ..............., 19......
 (Name of Attorney)
 For the Court
 =========================
------------
Attorney for..............
.............................
.............................
Address
Florida Bar No..............
NOTE: Both of tThese forms are to be used for production of documents under rule 1.351. Form (a) is used when the person having the records may furnish copies to the subpoenaing attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena. and the subpoena is to be issued by the clerk. Form (b) is used when the records must be produced at thatthe time and place. specified in the subpoena and the subpoena is to be issued by the clerk. Form (c) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record. Form (d) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record.

Committee Notes
1980 Adoption. This form is new.
1996 Amendment. Forms (a) and (b) were amended and forms (c) and (d) were added to comply with amendments to rules 1.351 and 1.410.

FORM 1.923. EVICTION SUMMONS/ RESIDENTIAL

EVICTION SUMMONS/RESIDENTIAL
TO: ....................
 Defendant(s)
..............................
..............................

PLEASE READ CAREFULLY
You are being sued by.................... to require you to move out of the place where you are living for the reasons given in the attached complaint.
You are entitled to a trial to decidedetermine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within FIVE (5) days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.
*140 THE THINGS YOU MUST DO ARE AS FOLLOWS:
(1) Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the court clerk of the court at .................... County Courthouse
..............................
...................., Florida
(2) Mail or takegive a copy of your written reason(s) to:
.................................
 Plaintiff/Plaintiff's Attorney
.................................
 ..............................
 Address
(3) Give the court clerk the rent that is due. You MUST pay the clerk the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the judge may pay this rent to the landlord. Pay to the clerk of the court the amount of rent that the attached complaint claims to be due and any rent that becomes due until the lawsuit is over. If you believe that the amount claimed in the complaint is incorrect, you should file with the clerk of the court a motion to have the court determine the amount to be paid. If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiff's attorney.
(4) If you and the landlord do not agree on the amount of rent owed, give the court clerk the money you say you owe. Then before the trial you must ask the judge to set up a hearing to decide what amount should be given to the court clerk. If you file a motion to have the court determine the amount of rent to be paid to the clerk of the court, you must immediately contact the office of the judge to whom the case is assigned to schedule a hearing to decide what amount should be paid to the clerk of the court while the lawsuit is pending.
___________________________________
IF YOU DO NOT DO ALL OF THESE THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE
___________________________________
(5) If the attached complaint also contains a claim for money damages (such as unpaid rent), you must respond to that claim separately. You must write down the reasons why you believe that you do not owe the money claimed. The written reasons must be given to the clerk of the court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiff's attorney at the address specified in paragraph (2) above. This must be done within 20 days after the date these papers were given to you or to a person who lives with you or were posted at your home. This obligation is separate from the requirement of answering the claim for eviction within 5 working days after these papers were given to you or to a person who lives with you or were posted at your home.
THE STATE OF FLORIDA:
To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.
DATED on ..............., 19......
 Clerk of the County Court
 By: ________________
 As Deputy Clerk

NOTIFICACION DE DESALOJO/RESIDENCIAL
A: ........................
 Demandado(s)
........................
 ....................

SIRVASE LEER CON CUIDADO
Usted esta siendo demandado por....................para exigirle que desaloje el lugar donde reside por los motivos que se expresan en la demanda adjunta.
*141 Usted tiene derecho a ser sometido a juicio para determinar si se le puede exigir que se mude, pero ES NECESARIO que haga TODO lo que se le pide a continuacion en un plazo de 5 dias (no incluidos los sabados, domingos, ni dias feriados) a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colocaron en su casa.
USTED DEBERA HACER LO SIGUIENTE:
(1) Escribir el (los) motivo(s) por el (los) cual(es) cree que no se le debe obligar a mudarse. El (Los) motivo(s) debera(n) entregarse por escrito al secretario del tribunal en el Edificio de los Tribunales de Condado de ...................., Florida.
(2) Enviar por correo o darle su(s) motivo(s) por escrito a:
.................................
Demandante/Abogado del Demandante
................................
................................
 Direccion
(3) Pagarle al secretario del tribunal el monto del alquiler que la demanda adjunta reclama como adeudado, así como cualquier alquiler pagadero hasta que concluya el litigio. Si usted considera que el monto reclamado en la demanda es incorrecto, debera presentarle al secretario del tribunal una morcion para que el tribunal determine el monto que deba pagarse. Si usted presenta una mocion, debera adjuntarle a esta cualesquiera documentos que respalden su posicion, y enviar por correo o entregar una copia de la misma al demandante/abogado del demandante.
(4) Si usted presenta una mocion para que el tribunal determine el monto del alquiler que deba pagarse al secretario del tribunal, debera comunicarse de inmediato con la oficina del juez al que se le haya asignado el caso para que programe una audiencia con el fin de determinar el monto que deba pagarse al secretario del tribunal mientras el litigio este pendiente.
_________________________________
SI USTED NO LLEVA A CABO LAS ACCIONES QUE SE ESPECIFICAN ANTERIORMENTE EN UN PLAZO DE 5 DIAS LABORABLES A PARTIR DE LA FECHA EN QUE ESTOS DOCUMENTOS SE LE ENTREGARON A USTED O A UNA PERSONA QUE VIVE CON USTED, O SE COLOQUEN EN SU CASA, SE LE PODRA DESALOJAR SIN NECESIDAD DE CELEBRAR UNA AUDIENCIA NI CURSARSELE OTRO AVISO
____________________________________
(5) Si la demanda adjunta tambien incluve una reclamacion por danos y perjuicios pecunarios (tales como el incumplimiento de pago del alquiler), usted debera responder a dicha reclamacion por separado. Debera exponer por escrito los motivos por los cuales considera que usted no debe la suma reclamada, y entregarlos al secretario del tribunal en la direccion que se especifica en el parrafo (1) anterior, asi como enviar por correo o entregar una copia de los mismos al demandante/abogado del demandante en la direccion que se especifica en el parrafo (2) anterior. Esto debera llevarse a cabo en un plazo de 20 dias a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa. Esta obligacion es aparte del requisito de responder a la demanda de desalojo en un plazo de 5 días a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa.

CITATION D'EVICTION/RESIDENTIELLE
A ....................
 Defendeur(s)
....................
....................

LISEZ ATTENTIVEMENT

===================
Vous etes poursuivi par.................... pour exiger que vous evacuez les lieux de votre residence pour les raisons enumerees dans la plainte ci-dessous.
Vous avez droit a un proces pour determiner si vous devez demenager, mais vous devez, au prealable, suivre les instructions enumerees *142 ci-dessous, pendant les 5 jours (non compris le samedi, le dimanche, ou un jour ferie) a partir de la date ou ces documents ont ete donnes a vous ou a la personne vivant avec vous, ou ont ete affiches a votre residence.
LISTE DES INSTRUCTIONS A SUIVRE:
(1) Enumerer par ecrit les raisons pour lesquelles vous pensez ne pas avoir a demenager. Elles doivent etre remises au clerc du tribunal a .................... County Courthouse
....................
 ..........., Florida
 (2) Envoyer ou donner une copie au:
.............................
 Plaignant/Avocat du Plaignant
........................
 ........................
 Addresse
(3) Payer au clerc du tribunal le montant des loyers dus comme etabli dans la plainte et le montant des loyers dus jusqu'a la fin du proces. Si vous pensez que le montant etabli dans la plainte est incorrect, vous devez presenter au clerc du tribunal une demande en justice pour determiner la somme a payer. Pour cela vous devez attacher a la demande tous les documents soutenant votre position et faire parvenir une copie de la demande au plaignant/avocat du plaignant.
(4) Si vous faites une demande en justice pour determiner la somme a payer au clerc du tribunal, vous devrez immediatement prevenir le bureau de juge qui presidera au proces pour fixer la date de l'audience qui decidera quelle somme doit etre payee au clerc du tribunal pendant que le proces est en cours.
___________________________________
SI VOUS NE SUIVEZ PAS CES INSTRUCTIONS A LA LETTRE DANS LES 5 JOURS QUE SUIVENT LA DATE OU CES DOCUMENTS ONT ETE REMIS A VOUS OU A LA PERSONNE HABITANT AVEC VOUS, OU ONT ETE AFFICHES A VOTRE RESIDENCE, VOUS POUVEZ ETRE EXPULSES SANS AUDIENCE OU SANS AVIS PREALABLE
___________________________________
(5) Si la plainte ci-dessus contient une demande pour dommages pecuniaires, tels des loyers arrieres, vous devez y repondre separement. Vous devez enumerer par ecrit les raisons pour lesquelles vous estimez ne pas devoir le montant demande. Ces raisons ecrites doivent etre donnees au clerc du tribunal a l'adresse specifiee dans le paragraphe (1) et une copie de ces raisons donnee ou envoyee au plaignant/avocat du plaignant a l'adresse specifiee dans le paragraphe (2). Cela doit etre fait dans les 20 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence. Cette obligation ne fait pas partie des instructions a suivre en reponse au proces d'eviction dans les 5 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence.

Committee Notes
1988 Adoption. This form was added to inform those sought to be evicted of the procedure they must follow to resist eviction.
1996 Amendment. This is a substantial revision of form 1.923 to comply with the requirements of section 83.60, Florida Statutes, as amended in 1993.

FORM 1.997. [CIVIL COVER SHEET NO CHANGE]

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Type of Case. Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. Definitions of the cases are provided below.
(A) Simplified Dissolution of Marriage Ppetitions for the termination of marriage pursuant to Fla.R.Civ.P. 1.611(c) Fla.Fam. L.R.P. 12.105.
(B) Dissolution of MarriagePpetitions for the termination of marriage other than simplified dissolution.

*143 (C) SupportIV-Dall matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (F.S. sections 409.245, 409.2564, 409.2571 and 4909.2597, Florida Statutes), paternity, or URESA.
(D) SupportNon IV-Dall matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(E) URESAIV-Dall matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.
(F) URESANon IV-Dall matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(G) Domestic Violenceall matters relating to injunctions for protection against domestic violence pursuant to F.S. section 741.30, Florida Statutes.
(H) Domestic Relationsall matters involving adoption, paternity, change of name, child custody, separate maintenance, annulment, or other matters not included in categories (A) through (G).
(I) Auto Negligenceall matters arising out of a party's allegedly negligent operation of a motor vehicle.
(J) Professional Malpracticeall professional malpractice lawsuits.
(K) Products Liabilityall matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(L) Other Negligenceall actions sounding in negligence, including statutory claims for relief on account of death or injury, not included in categories (G), (H), and (I).
(M) Condominiumall civil lawsuits pursuant to Chapter 718, Florida Statutes, where a condominium association is a party in the lawsuit.
(N) Eminent Domainall matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, and public service corporations.
(O) Real Property/Mortgage Foreclosureall matters relating to the possession, title, and boundaries of real property. All matters involving foreclosures and sales, including foreclosures associated with condominium associations and condominium units.
(P) Contract and Indebtednessall contract actions relating to promissory notes and other debts, including those arising from the sale of goods. Excludes contract disputes involving condominium associations.
(Q) Other Civilall civil matters not included in categories (A) through (P).
III. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether or not a jury is being demanded in the complaint.
Date and attorney signature. Date and sign the civil cover sheet.